## Anna Flannigan, etc., v. William Howard et al.

1. JURISDICTION—*Of the Appellate Court, Where a Freehold is Involved.*—Where a party seeks, in his suit, to take a freehold from others and vest it in himself, the Appellate Court is without jurisdiction to determine the matter.

2. FREEHOLD—*When Involved in a Proceeding to Abate Devises of Real Estate.*—In a proceeding, by a child adopted under the provisions of section 5, chapter 4, R. S., to abate devises of real estate under the provisions of a will executed prior to such adoption, the relief sought would take a freehold from the devisees and vest it in the petitioner and this court is without jurisdiction to determine the matter.

**Petition to Abate Devises of Real Estate.**—Appeal from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the October term, 1901. Dismissed. Opinion filed April 11, 1902.

BUTTERS & CARR, attorneys for appellant.

EDWARD J. KELLY, attorney for appellees.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Anna Flannigan, a minor, by her next friend, filed in the Probate Court of La Salle County, in the estate of Bridget Howard, deceased, there pending for administration, a petition alleging that in 1895 said Bridget Howard made her last will and testament; that on December 21, 1898, she adopted said Anna Flannigan as her child by proceedings had in the County Court of La Salle County; that she died on February 18, 1899, without having modified said will or making any provision for the benefit of said petitioner; that it did not appear by said will that said Bridget Howard intended to disinherit petitioner; and petitioner prayed that the several legacies and devises made in said will be abated in equal proportions to raise a portion for petitioner equal to that which, under the statute, she would have been entitled to receive out of the estate of said Bridget Howard if the latter had died intestate. The Probate Court ordered notice to all parties in interest, and after said notice had been given

heard the cause and denied the prayer of the petition. Petitioner appealed to the Circuit Court. The Circuit Court heard the cause and dismissed the petition, and petitioner appeals to this court.

The will and the probate thereof were read in evidence.

The will not only contains bequests of personalty but also devises real estate. The petition is based upon section 10 of chapter 39 of the Revised Statutes, entitled "Descent," which reads as follows:

"If, after making a last will and testament, a child shall be born to any testator, and no provision be made in such will for such child, the will shall not on that account be revoked; but unless it shall appear by such will that it was the intention of the testator to disinherit such child, the devises and legacies by such will granted and given, shall be abated in equal proportions to raise a portion for such child equal to that which such child would have been entitled to receive out of the estate of such testator if he had died intestate."

It is claimed by petitioner that by virtue of section 5 of chapter 4 of the Revised Statutes, entitled "Adoption of Children," she occupies the same position as if she had been born to said Bridget Howard in lawful wedlock at the date of the adoption, and after the will was executed. If her contention is correct, she is entitled to an order abating not only the legacies but also the devises of real estate. The will provided for five children of deceased. The record discloses one of them died before the will was probated, leaving children surviving him. The effect of granting the petition before us would be to give the petitioner, Anna Flannigan, one sixth of the real estate of which Bridget Howard died seized, and to take from each devisee one sixth of the real estate he or she was given by the will. Even a court of equity can not abate the devises by giving money instead of land to the after-born child. Ward v. Ward, 120 Ill. 111.

The relief here sought would take a freehold from the devisees and vest a freehold in the petitioner. We have no jurisdiction of causes involving a freehold. It may be said that the Probate Court had no power to abate the

devises of real estate or make any order affecting the title to the land, and that (excluding the devises from consideration as beyond the jurisdiction of the Probate Court) we have jurisdiction to determine whether a case was made for the abatement of the legacies. But we conclude that the statute which withholds from our jurisdiction cases involving a freehold deprives us of authority to determine whether one asserting a freehold has brought suit in the proper forum. The petitioner seeks by her petition to take a freehold from others and vest it in herself. A freehold being involved in the case we have no jurisdiction to entertain the appeal.

We are not unmindful that in Keegan v. Geraghty, 101 Ill. 26, a proceeding bearing some resemblance to the case before us passed through the Appellate Court without its jurisdiction being questioned. In that case the Probate Court had entered an order in the estate of Mary Gertrude Keegan, deceased, declaring her grandfather, Peter Geraghty, to be next of kin and sole heir at law of deceased. Mary Ann Keegan, adopted daughter of the father of Mary Gertrude, filed a petition in said estate in the Probate Court asking to have the former order as to heirship vacated, on the ground that by her adoption petitioner became half sister to Mary Gertrude and therefore her sole heir. The Probate Court refused to grant that petition, and it was an appeal from that order which passed through the Appellate Court without question. The deceased owned real estate in this State, and real estate was therefore indirectly involved, but not directly, for the only question litigated was whether the order should be vacated which declared the grandfather the sole heir. In the case at bar petitioner asks an order changing the title to real estate.

The appeal is therefore dismissed.